# STATE v. JERRY WALLACE LINDER.

190 N. W. (2d) 91.

September 10, 1971—No. 43030.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *Robert C. Tuveson,* County Attorney, and *Bob A. Goldman,* Assistant County Attorney, for appellant.

*Sturtz, Peterson, Butler & Chesterman* and *Thomas R. Butler,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rolloff, JJ.

KELLY, JUSTICE.

This is an appeal by the state from an order of the District Court of Freeborn County granting defendant's motion to suppress certain evidence which the state had given notice of its intention to introduce against defendant at his trial on charges of illegal possession of narcotics and illegal possession and sale of drugs. Minn. St. 152.10; Minn. St. 1969, §§ 152.09, 618.02. (Section 152.09 was amended by L. 1971, c. 937, § 13,

---

and § 618.02 was repealed by c. 937, § 22). After the defendant entered a plea of not guilty, the state served notice of the seizure of evidence and a Rasmussen hearing was held. The court below ordered the seized evidence suppressed, and the state appeals pursuant to Minn. St. 632.11, subd. 1(3). We reverse.

During the afternoon of October 28, 1970, five officers of the Albert Lea Police Department converged on the apartment of defendant to serve and execute arrest and search warrants. Two officers went to the front door, two went to the back door, and one stayed outside. Officer Hegel who was at the front door knocked on the door, shouted, "Police," heard running footsteps, kicked in the door, and entered the apartment—all within a matter of a few seconds. Upon entering, the officers observed a person, not this defendant, running to the rear of the apartment. Meanwhile, the officers at the back door forced their entry after hearing the crashing at the front door and saw this person run into the bathroom, stop before the toilet, and flush it. The officers fished drugs out of the toilet bowl while the toilet was being flushed. Defendant concedes the validity of the search warrant.

The police officers did not give notice of their intention to arrest defendant before breaking down the door as required by Minn. St. 629.33 for the execution of an arrest warrant. There is no Minnesota statute requiring police to announce their authority and purpose before breaking a door to gain entry in order to execute a search warrant. State v. Parker, 283 Minn. 127, 166 N. W. (2d) 347.

The issue raised by this appeal is whether evidence obtained by police with a search warrant which did not contain a "no knock" provision should be suppressed where the police gained entry after knocking and announcing that they were police but without stating they had a search warrant. We hold that under the exigent circumstances in this case the evidence should not be suppressed.

We held in Parker that a magistrate may issue a search warrant authorizing an announced entry if the testimony in support

of the warrant sets forth exigent circumstances justifying such an entry. As we pointed out in Parker, the exceptions to the announcement and entry rule as recognized in Ker v. California, 374 U. S. 23, 47, 83 S. Ct. 1623, 1636, 10 L. ed. (2d) 726, 746, are as follows:

"* * * (1) [W]here the persons within already know of the officers' authority and purpose, or (2) where the officers are justified in the belief that persons within are in imminent peril of bodily harm, or (3) where those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door), are then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted."

Exception number (3) applies to the instant case—those within were made aware of the presence of police on the outside because of the knocking and announcement, "Police." The activity of someone running, coupled with common knowledge that narcotics are easily disposed of by flushing them down toilets, justified the officers' belief that a destruction of evidence was being attempted.

Unreasonable searches and seizures violate state and Federal constitutional standards. U. S. Const. Amend. IV; Minn. Const. art. 1, § 10. Under normal conditions, a warrant-bearing officer is required to identify his authority and his purpose. Exigent circumstances may render an otherwise unreasonable search, reasonable. The requirement that an officer identify his purpose is not contained in either the State or Federal Constitution. Such identification is required only when the failure to do so would render the search unreasonable. Just as exigent circumstances authorize the issuance of a "no knock" warrant, such circumstances vitiate the necessity of identification of purpose when the circumstances become apparent at the scene of the search.

As we stated in Parker, the state must show cause to obtain a "no knock" warrant. Certain situations may arise where evidence does not exist to show exigent circumstances or where

such circumstances are not foreseeable by the state. The fact that exigent circumstances do not become apparent until attempted execution of the ordinary search warrant should not render a police officer powerless to deal with the situation at hand.

We know of no United States Supreme Court decisions which compel a different result. The cases relied upon by the lower court apply Federal statutory standards.

The failure of the police officers here to say a few more words —"with a search warrant"—is not to be applauded nor approved. However, we do not believe that the exclusionary rule's deterrent effect outweighs the possibility of letting guilty criminals go free because of an inadvertent police error under the circumstances of this case.

Mr. Chief Justice Burger in commenting on the exclusionary rule stated in his dissent in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U. S. 388, 418, 91 S. Ct. 1999, 2015, 29 L. ed. (2d) 619, 639:

"* * * Suppressing unchallenged truth has set guilty criminals free but demonstrably has neither deterred deliberate violations of the Fourth Amendment nor decreased those errors in judgment which will inevitably occur given the pressures inherent in police work having to do with serious crimes.

"Although unfortunately ineffective, the Exclusionary Rule has increasingly been characterized by a single, monolithic, and drastic judicial response to all official violations of legal norms. Inadvertent errors of judgment that do not work any grave injustice will inevitably occur under the pressure of police work. These honest mistakes have been treated in the same way as deliberate and flagrant Irvine-type violations of the Fourth Amendment. For example, in Miller v. United States, 357 U. S. 301, 309-310 (1958), reliable evidence was suppressed because of a police officer's failure to say a 'few more words' during the arrest and search of a known narcotics peddler."

Miller v. United States, 357 U. S. 301, 78 S. Ct. 1190, 2 L. ed. (2d) 1332, is not controlling in the present case for a variety of

reasons. In Miller, officers in the District of Columbia without a warrant knocked on defendant's door and announced that they were police but did not give notice of their purpose. Miller opened the door but quickly closed it whereupon the police broke the door, arrested Miller, and seized evidence which was used against him over objection at his trial. The court held the arrest unlawful and the evidence seized inadmissible. However, the Supreme Court noted that the validity of an arrest without a warrant is to be determined by local law and that under District of Columbia law, peace officers, otherwise authorized to break the door of a home to make an arrest, may do so only if denied admittance after notice of their authority and purpose. In addition, the court pointed out:

"* * * There are some state decisions holding that justification for noncompliance exists in exigent circumstances, as, for example, when the officers may in good faith believe that they or someone within are in peril of bodily harm, Read v. Case, 4 Conn. 166, or that the person to be arrested is fleeing or attempting to destroy evidence. People v. Maddox, 46 Cal. 2d 301, 294 P. 2d 6.

"But whether the unqualified requirements of the rule admit of an exception justifying noncompliance in exigent circumstances is not a question we are called upon to decide in this case. The Government makes no claim here of the existence of circumstances excusing compliance." Miller v. United States, 357 U. S. 309, 78 S. Ct. 1195, 2 L. ed. (2d) 1338.

In the instant case the police did have a search warrant; there is no prohibition by local law which would offset the validity of the search and seizure; and there were exigent circumstances from which the officers in good faith could believe that an attempt was being made to destroy evidence.

The decision is reversed.