# Richmond

## DEWEY J. HEATON V. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 731038.

Present, All the Justices.

*James E. Brydges, Jr. (Moore, Brydges & Cohen,* on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Dewey J. Heaton was convicted in the trial court of possession of marijuana with intent to distribute and of possession of LSD. The dispositive question on appeal is whether the trial court erred in overruling Heaton's motion to suppress evidence of illegal drugs seized in his apartment after police officers had made an unannounced forcible entry to execute a search warrant.

On March 1, 1973, at 8:00 p.m., a Virginia Beach police officer obtained a search warrant to search a residence, 612 20th Street, Apartment 3, Virginia Beach, for cocaine and marijuana. On the same evening this officer and four others from the cities of Virginia Beach and Norfolk proceeded to the described premises for the purpose of executing the warrant. The apartment, located on the second floor of an apartment complex, was reached by a flight of steps leading to a second story porch on which the front door of the apartment opened. In approaching the front door, the officers passed by an open window of the

apartment through which they observed seven or eight persons seated in a circle in the living room. Loud music was coming from the apartment, and a party appeared to be in progress. Beer cans were observed in the room.

Without prior warning the officers kicked in a panel in the front door, entered the apartment, announced that they were police, read the warrant and conducted a search of the premises. As the officers entered the apartment, Heaton and another person ran from the living room but were apprehended. The second man, when stopped by the police, had his hand on the door to Heaton's bedroom, in which the officers found nine one-ounce bags of marijuana, a one-ounce scale and LSD tablets.

Generally, police officers, before resorting to forced entry into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose. *See Miller* v. *United States,* 357 U.S. 301, 306-08 (1958); *Johnson* v. *Commonwealth,* 213 Va. 102, 189 S.E.2d 678 (1972), *cert. denied,* 409 U.S. 1116 (1973); Note, *Announcement in Police Entries,* 80 Yale L. J. 139 (1970). Exceptions to the rule, however, permit officers to make an unannounced entry where they have probable cause to believe that their peril would be increased if they announced their presence or that an unannounced entry is necessary to prevent persons within from escaping or destroying evidence. *See Johnson* v. *Commonwealth, supra.* Unless an exception can be established by the prosecution, evidence seized after a "no-knock" entry is excluded under the Fourth Amendment. *See Ker* v. *California,* 374 U.S. 23 (1963); *Mapp* v. *Ohio,* 367 U.S. 643 (1961); *State* v. *Daniels,* 294 Minn. 323, 200 N.W.2d 403 (1972); *Commonwealth* v. *Newman,* 429 Pa. 441, 240 A.2d 795 (1968); *People* v. *Gastelo,* 67 Cal.2d 586, 432 P.2d 706 (1967).

The Attorney General, relying on *Johnson* v. *Commonwealth, supra,* contends that the "no-knock" entry by the police was justified to prevent destruction of evidence. We do not agree.

*Johnson* is distinguishable. There, the officers knew from prior investigations that there were two locks on the front door and that the door had a peephole used by the occupants to examine those who sought admittance. They also knew that drugs were being stored and dispensed from the kitchen at a point only three or four feet from the bathroom, where there were two receptacles that could have been used to destroy the

evidence. Under these exigent circumstances we upheld the unannounced entry by the police as not violative of the Fourth Amendment to the United States Constitution or any provision of the Constitution or statutes of Virginia. *See also Carratt* v. *Commonwealth,* 215 Va. 55, 205 S.E.2d 653 (1974).

We are unwilling, however, to extend the privilege of making a "no-knock" entry to every case where a search for drugs is involved. *See People* v. *Gastelo, supra,* 67 Cal.2d at 588-89, 432 P.2d at 708. We decline to extend this privilege to cases where the only exigent circumstance is the readily disposable nature of the contraband that is the object of the search. *See State* v. *Anonymous,* 30 Conn. Supp. 197, 308 A.2d 251 (1973); *Commonwealth* v. *Riccardi,* 220 Pa. Super. 72, 283 A.2d 719 (1971); *State* v. *Mendoza,* 104 Ariz. 395, 454 P.2d 140 (1969).

The police did not know where in Heaton's apartment the drugs would be found. They were not familiar with the interior arrangement of the apartment. They saw no drugs in the possession of any of the occupants as they were seated in the living room. They saw no firearms and had no reason to believe that any would be used by the occupants to the greater peril of the officers if they announced their presence. They had no reason to believe that the occupants were destroying or planning to destroy evidence or that they could have destroyed evidence if the officers had demanded entry before breaking down the door.

The Attorney General argues that the mere presence of seven or eight persons in the apartment justified the unannounced entry. But five police officers undertook to execute the search warrant and two others subsequently joined them. Moreover, one of the officers continued to observe the occupants through the open window until the forcible entry was made, so that any attempt to destroy evidence or to escape, if the officers had announced their presence, could have been promptly detected and frustrated.

The Commonwealth has failed to justify the "no-knock" entry, so the motion to suppress the evidence obtained pursuant thereto should have been sustained. The judgment of conviction must be reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*