# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Saab

Case No. CF890042

Commonwealth of Virginia

    v.

Carroll

Case No. CF890043

March 21, 1989

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on Defendant's Motion to Suppress evidence seized as the result of the execution of a search warrant on Defendants' residence. Defendants claim a violation of their Fourth Amendment rights in the manner in which the search warrant was issued and the manner of the execution of the warrant.

Defendants complain that the affidavit recites that the delivery of the drugs to the apartment had not yet occurred and, therefore, absent the occurrence of a contingency, there was no probable cause to believe that contraband was on the premises. They argue that the issuing magistrate should have made the warrant "conditional." Under the facts of this case, where the contingency was

solely within the control of the police, the magistrate could find that the contingency would be met and that probable cause would exist for the search. Defendants argue that the Statute, § 19.2-56, requires "forthwith" execution of the warrant, and no delay for the occurrence of the delivery is countenanced by the statute. "Forthwith" does not mean instantaneous and is designed to prevent the execution of stale warrants. The warrant in this case is far from stale. This argument must fail. *See, Huff v. Commonwealth*, 213 Va. 710 (1973).

Defendants further argue that the manner of execution of the warrant violates Virginia's "knock and announce" rule. *Johnson v. Commonwealth*, 213 Va. 102 (1973). The rule is stated in *Heaton v. Commonwealth*, 215 Va. 137, 138 (1974):

> Generally, police officers, before resorting to forced entry into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose. *Miller v. United States*, 357 U.S. 301 (1958).

In *Heaton, supra*, the Court refused to permit an exception to the knock and announce rule where the disposable nature of the contraband was the only exigent circumstance. In this case, as in *Heaton*, there is no evidence of other exigent circumstances and therefore the Court finds that the police were required to comply with the "knock and announce" rule.

The Commonwealth contends that factually the police did comply with the rule admitting that they used a ruse, by way of disguise, to get the door opened. Further, the Commonwealth contends that once the door was opened, the officers announced their identity and their purpose, i.e., execution of a search warrant.

Defendants' evidence disputes these contentions and Defendants, if believed, establish a violation of the rule. The evidence of the Commonwealth is hopelessly in conflict. The officers' recollections are so varied among themselves as to the essentials of the "knock and announce" rule that the Court is at a loss to discern from the Com-

monwealth's evidence the factual contentions it makes to support police compliance with the rule. Such contradictions go far beyond the normal variations in recollection and deal with the very facts necessary to support the Commonwealth's position.

It is found that a ruse was used to get the door opened; however, the Commonwealth's evidence as to the announcement of identification and purpose is simply not credible.

Therefore, the evidence before the Court shows that entry was gained in an unpermitted, unconstitutional manner in that the police failed to comply with the knock and announce rule of *Johnson, supra.*

The evidence seized as a result of this search must, therefore, be suppressed.