## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

    v.

Chrisandra Carr

July 24, 1989

By JUDGE DIANE McQ. STRICKLAND

I am writing to rule upon defendant's motion to suppress the evidence in the captioned matter. The two questions to be addressed are: (1) whether a five-day delay in execution of the search warrant violated defendant's rights, and (2) whether a no-knock entry by the police officers was justified by exigent circumstances.

Concerning the first question, the only Virginia authority on point would appear to be Va. Code § 19.2-56 which provides that any search warrant not executed within fifteen days after issuance shall be voided. The Court agrees with the defendant's position that this represents the outer limits for execution within which period it must be determined if the warrant was executed "forthwith." It is uncontradicted by the evidence produced at the hearing on June 29 that there was a five-day delay in executing the warrant. Under the Fourth Circuit Court of Appeals decision in *United States v. McCall*, 740 F.2d 1331 (4th Cir. 1984), the Court must evaluate the delay in execution in light of all of the facts and circumstances of the case. According to the testimony of Det. Wood, the execution of the warrant was delayed while the vice officers waited for a certain car (as described by the informant) to be present at the premises identified in the warrant. While Det. Wood acknowledged that the officers did not check the residence over the weekend, he did testify that they

checked the residence at least three times per day on the weekdays waiting for the presence of the vehicle before executing the search warrant. While the Court is troubled by the officers' failure to check the residence over the weekend, the Court cannot say that the delay was unreasonable in light of Det. Wood's explanation. Considering the nature of the unlawful activity alleged, the fact that Det. Wood testified that two separate informants had provided information to the police concerning this activity, and an identified neighbor called to report the activity on the day of execution, the evidence was not stale. Accordingly, the Court cannot say that the five-day period between the issuance of the search warrant and the execution thereof violated the defendant's rights, and defendant's motion to suppress evidence on that ground is overruled.

With regard to the second question, it is well established that police officers before making a forced entry for purposes of executing on a search warrant must attempt to gain admittance peaceably by announcing their presence and identifying themselves and stating their purpose. *Miller v. United States*, 357 U.S. 301 (1958); *Johnson v. Commonwealth*, 213 Va. 102 (1972). Officers are permitted, however, to make an unannounced entry where they have probable cause to believe that their safety would be endangered if they announced their presence or if an unannounced entry is necessary to prevent escape or destruction of evidence. *Johnson, supra.* Turning to the facts in the instant case, Det. Wood testified that both informants told the police of an armed man who watched from an upstairs window. Furthermore, on the day that the search warrant was in fact executed, the police received an anonymous telephone call from a neighbor informing them that there was "dealing" going on at the premises at that time and that someone was looking out of the window. Additionally, Det. Wood testified that he was acquainted with the defendant and knew her to be a "hostile" type of person. Accordingly, the officers had reason to fear for their safety were they to have announced their presence.

The informants had also told the police that both the defendant and another occupant would flee if given the opportunity to do so. Det. Wood testified that he did not know whether or not the back door of the residence

had been secured at the time the officers made their entry. Additionally, Det. Wood testified that he had personal knowledge of individuals destroying cocaine by eating it, flushing it down the toilet, washing it down the drain of a sink, or scattering it around a room in such a manner that would make it difficult to recover. Because of these factors, he testified that he felt there was a risk that the defendant would escape and that the evidence could be destroyed. Because of all of the above facts, the Court is of the opinion that exigent circumstances existed in this case to justify the no-knock entry in which relatively little force was utilized. Therefore, the method of entry was not unreasonable and did not violate the defendant's Fourth Amendment rights or any provisions of the Virginia Constitution or statutes.

For the foregoing reasons, the defendant's motion to suppress evidence is overruled and the evidence seized will be admitted at trial.