**Alexandria**

CHARLES GROVER

v.

COMMONWEALTH OF VIRGINIA

No. 1065-88-4

Decided October 2, 1990

COUNSEL

Susan L. Korfanty, Deputy Public Defender (Johnathan Y. Short, on briefs), for appellant.

Birdie H. Jamison, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Charles Grover appeals his conviction on one count of possession of cocaine. The sole issue on appeal is whether the cocaine seized by the police from the hotel room where Grover was arrested was obtained in violation of his fourth amendment rights. We find that the trial court did not err in deciding that the officer's insertion of a passkey into the lock of the hotel room door, prior to the officer's knocking and announcing his presence, did not constitute a violation of Grover's fourth amendment rights. Accordingly, we affirm the decision of the trial court.

The facts surrounding Grover's arrest are as follows. On March 1, 1988, Officer Ratliffe arrived at the Radisson Hotel to execute a search warrant on one of the rooms. When he arrived at the room, he slipped one of the fifteen passkeys he had been given into the lock located on the outside of the door. While inserting the key into the lock, Ratliffe heard movement on the other side of the door. He held the key in his left hand, knocked with his right hand three or four times, and identified himself as a police officer with a warrant. After waiting five to six seconds, Ratliffe turned the key in the lock. As the lock turned, Ratliffe pushed the door open five to six inches. At that point, the door was stopped by a throw bolt. Ratliffe saw Grover standing inside the room and directed him to open the door. When Grover ran from the door, Ratliffe forcibly snapped the throw bolt and entered the room. He found Grover throwing a pipe, which was later found to contain cocaine residue, into the toilet.

■ Both Grover and the Commonwealth acknowledge that "no-knock" entries to search pursuant to search warrants are per se unreasonable unless accompanied by exigent circumstances. *See Keeter v. Commonwealth*, 222 Va. 134, 141, 278 S.E.2d 841, 845, *cert. denied*, 454 U.S. 1053 (1981). In the case before us, the trial court specifically found that the hotel room door was not opened until after Officer Ratliffe knocked and announced both his identity and his purpose. The issue we must decide, therefore, is whether the insertion of the pass key into the lock of the hotel room door was an entry to search such that Officer Ratliffe was required to either knock and announce his identity and purpose prior to inserting the key into the lock, or justify a "no-knock entry" by the existence of exigent circumstances. We hold that the action in question did not constitute an entry.

■ The Supreme Court first considered the validity of a "no knock entry" in the execution of a search warrant in *Johnson v. Commonwealth*, 213 Va. 102, 189 S.E.2d 678 (1972), *cert. denied*, 409 U.S. 1116 (1973). The Court noted that no specific statute existed relating to "no knock entries." *Id.* at 103, 189 S.E.2d at 679. Thus the validity of the search had to be judged in terms of its reasonableness within the meaning of the fourth amendment to the United States Constitution and Article I, §10 of the Constitution of Virginia. After examining the common law origins of the "knock and announce" requirement, the court refused to adopt an absolute requirement that officers knock and announce their identity and purpose prior to entering the dwelling of another to execute a search warrant. *Id.* at 105, 189 S.E.2d at 680. Instead, the Court ruled that the evidence obtained pursuant to the officers' no-knock entry was admissible because the method of entry was reasonable in light of the exigent circumstances facing the officers.

■ Subsequently, in *Heaton v. Commonwealth*, 215 Va. 137, 207 S.E.2d 829 (1974), the Court articulated the circumstances in which an unannounced entry would be considered reasonable for fourth amendment purposes:

> Generally, police officers, before resorting to forced entry into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose. Exceptions to the general rule, however, permit officers

to make an unannounced entry where they have probable cause to believe that their peril would be increased if they announced their presence or that an unannounced entry is necessary to prevent persons within from escaping or destroying evidence. Unless an exception can be established by the prosecution, evidence seized after a "no-knock" entry is excluded under the fourth amendment.

*Id.* at 138, 207 S.E.2d at 830.

In the case before us, Officer Ratliffe testified that he had a search warrant for room 2817 of the Radisson Hotel in Alexandria. When he arrived at the room, he had in his possession a large key chain with approximately fifteen different keys on it which had been given to him by the hotel personnel. He stated that he was not certain which key would open the door so he slipped one of the keys into the lock. The key fit the lock and appeared to be the correct one. Ratliffe indicated that he inserted the key in order to be ready in case the door was not opened. He then knocked three or four times and identified himself as a police officer with a search warrant. Ratliffe testified that as he was inserting the key into the lock he heard a noise on the other side of the door, as if someone was leaning against the door or placing something against it.

On this record, we find that the insertion of the pass key into the lock did not amount to an unannounced entry. Officer Ratliffe's action was merely preparatory, enabling him, if necessary, to act quickly once he had knocked and announced his identity and purpose. Consequently, he was under no obligation to knock and announce his presence prior to inserting the key into the lock. Further, we find that under these circumstances, Officer Ratliffe's insertion of the key into the lock prior to knocking and announcing his identity and purpose was reasonable, and therefore, did not violate Grover's fourth amendment rights. *See Rodriguez v. Butler*, 536 F.2d 982 (2d Cir.), *cert. denied*, 429 U.S. 943 (1976)(the question of whether an activity is reasonable within the meaning of the fourth amendment is necesarily tied to the particular facts and circumstances of the case); *Johnson*, 213 Va. at 103, 189 S.E.2d at 679.

Grover argues that *Sabbath v. United States*, 391 U.S. 585 (1968), requires a different result. In *Sabbath*, the Supreme Court

examined whether Sabbath's arrest was unlawful because the officers opened a closed but unlocked door without knocking and announcing their identity and purpose. The Court determined that the officers' entry was in violation of 18 U.S.C. § 3109[1] and reversed Sabbath's conviction. *Id.* at 591. In reaching this conclusion, Justice Marshall reasoned: "An unannounced intrusion into a dwelling—what § 3109 basically proscribes—is no less an unannounced intrusion whether officers break down a door, open a locked door by use of a passkey, or, as here, open a closed but unlocked door." *Id.* at 589. The Court likened the requirement of "breaking" as used in § 3109 to its use in the burglary context: "lifting a latch, turning a door knob, unhooking a chain or hasp, removing a prop to, or pushing open, a closed door of entrance to the house, —even a closed screen door." *Id.* at 590 n.5.

Grover acknowledges that the General Assembly has not adopted a statutory "knock and announce" rule similar to 18 U.S.C. § 3109. He claims, however, that the rule articulated by the Virginia Supreme Court in *Heaton* embraces the common law polices underlying 18 U.S.C. § 3109. Grover maintains that Officer Ratliffe's action was a "breaking" as that term was defined in *Sabbath* and thus the trial court erred by refusing to suppress the evidence seized from the hotel room.

We disagree that the rule articulated in *Heaton* requires such a result. The Virginia Supreme Court has repeatedly declined to analyze the validity of a "no-knock entry" in terms of the "breaking" requirement embodied in 18 U.S.C. § 3109, focusing instead on the reasonableness of the method of entry. *See, e.g., Johnson*, 213 Va. at 103, 189 S.E.2d at 679; *Heaton*, 215 Va. at 139, 207 S.E.2d at 831; *Keeter*, 222 Va. at 141, 278 S.E.2d at 845-46. In addition, the General Assembly has yet to enact a statute similar to 18 U.S.C. § 3109. We find that Officer Ratliffe's method of entry was consistent with Virginia law and the fourth amendment.

---

[1] 18 U.S.C. §3109 reads as follows: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

For the reasons stated, the opinion of the trial court is affirmed.

*Affirmed.*

Moon, J., and Willis, J., concurred.