## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

James Wotherspoon

March 1, 1995

Case No. (Criminal) 87886

By Judge Gerald Bruce Lee

This matter is before the Court on Defendant's Motion to Suppress evidence. Defendant contends the police officers violated his rights under the Fourth Amendment to the United States Constitution and Article 1, § 10, of the Virginia Constitution on two grounds. First, Defendant contends the police failed to comply with the "knock and announce" doctrine, prior to executing the search warrant. Second, Defendant contends the affidavit for the search warrant was insufficient to establish probable cause to authorize a search of "all persons present" at the premises at the time of execution.

First, the Commonwealth responds that the "knock and announce" doctrine is inapplicable to this case because the police officers gained access to the trailer by a ruse. Second, the Commonwealth replies the totality of the facts stated in the affidavit justified the magistrate issuing a warrant to search "all persons present" when the search warrant was executed.

The issues presented are (1) whether the "knock and announce" doctrine is applicable; and (2) whether the search warrant affidavit states probable cause existed to authorize an "all persons present" search at the trailer when the warrant was executed. Having considered the testimony and arguments of counsel, the Court holds that the "knock and announce" rule is inapplicable here because the ruse accomplished a peaceful and reasonable entry, and based on the totality of the facts, the search of all persons

present at the trailer was proper. Accordingly, Defendant's Motion to Suppress is denied.

## I. *Findings of Fact and Conclusions of Law*

The Court after hearing the testimony of the witness makes the following findings of fact and draws the following conclusions of law.

Detective S. M. Monaghan of the Fairfax County Police Department, a member of the narcotics team for two years, wrote the affidavit in support of the search warrant. Monaghan also participated in the execution of it. Monaghan testified that a confidential informant stated there was a person or persons selling cocaine out of a trailer on Flamingo Drive. Monaghan obtained a search warrant for a trailer located at 7818 Flamingo Drive, Alexandria, Fairfax County, based on the confidential informant's statements and Monaghan's surveillance and investigation of the trailer. The search warrant directed the police officers to enter the premises to search and seize cocaine, evidence of sales, drug paraphernalia, and to search all persons on the premises at the time.

On September 21, 1994, Monaghan met with members of the narcotics enforcement team to plan the execution of the search warrant. Monaghan described to fellow police officers the layout of the area and the object of the search warrant. Lt. Roar devised the plan for execution of the search warrant. Lt. Roar decided the police officers would use a ruse at the trailer. Testimony indicated that a ruse is a police technique, where police officers try to trick the occupant(s) into opening the door by knocking on the door and giving the occupant(s) a false name. The plan consisted of the police officers surrounding the outside area of the trailer and Monaghan sitting in an automobile at the top of Flamingo Drive. Monaghan waited until all of the police officers were able to secure the outside area around the trailer.

During the course of this surveillance, Monaghan observed people coming and going in short intervals to the trailer. Monaghan observed four to six people entering and leaving the trailer prior to 9:00 p.m.. Monaghan was notified that a four-door, dark sedan pulled up in front of the trailer and an individual went inside. Subsequently, Monaghan was given the signal to drive up. Monaghan drove in front of the trailer, parked directly behind the dark sedan, approached the front door and knocked.

Monaghan knocked and heard a response. The response stated "Who is it?", and Monaghan replied "It's Shawn, I live up the street and the car I was in was in an accident, and I need your help." An individual, later identified as David Stuart, opened the door, and stated "What car is it?"

Monaghan was standing on the front step, an area approximately three feet by two feet. Stuart stepped onto the porch and Monaghan pointed toward the cars. The regular door opened inside the trailer, and the screen door opened outside the trailer. Both doors were open. Stuart stepped to his right side while Monaghan continued to point toward the cars.

Officer Carlton walked up and exclaimed "Police! Search warrant! Don't move!" Officer Carlton then stepped toward Stuart. Stuart was standing on the porch. Officer Carlton testified that Stuart started to back up, and he was concerned that Stuart would shut the door. Officer Carlton pushed Stuart inside the trailer. The other police officers followed Officer Carlton.

The police officers searched the trailer, and during the course of this search, encountered the Defendant. The police officers proceeded to search the Defendant's person in execution of the search warrant. Several rocks of "crack" cocaine were found on Defendant's person.

Monaghan said there were several reasons the police decided to use a ruse to gain entry to the trailer. Monaghan expressed concerns regarding (1) the police officers' safety, and the possible presence of weapons; (2) the residents' safety; (3) the preservation of evidence and the destruction of evidence; (4) the risk of flight of occupants; and (5) his belief that the residence was a crack house, and that any person present probably was using and in possession of crack cocaine.

## II. *Knock and Announce*

Police officers must attempt to gain admittance to a residence peaceably by announcing their presence, identifying themselves as police officers and stating their purpose before resorting to forced entry to execute a search. *Commonwealth v. Viar*, 15 Va. App. 490, 425 S.E.2d 86 (1992).

The purpose of the "knock and announce" doctrine is to prevent injury to homeowners, the police, and to avoid unnecessary destruction of a private home. *Johnson v. Commonwealth*, 213 Va. 102, 189 S.E.2d 678 (1972), *cert. denied*, 409 U.S. 1116 (1973). The reasons for the requirement of notice of purpose and authority have been said to be that the law abhors unnecessary breaking or destruction of any house, because the dweller in the house would not know the purpose of the person breaking in, unless he were notified, and would have a right to resist seeming aggression on his private property. *Johnson v. Commonwealth*, 213 Va. 102, 104, 189 S.E.2d 678, 679 (1972), *cert. denied*, 409 U.S. 1116 (1973).

Defendant contends that the failed ruse triggered the "knock and announce" doctrine. Defendant maintains that although the "knock and announce" doctrine was applicable, the police officers failed to comply with the doctrine prior to executing the search warrant.

The Commonwealth responds that the purpose of the ruse was to trick the occupants into opening the door and to gain a peaceful and reasonable entry into the trailer. The Commonwealth argues that the "knock and announce" doctrine is inapplicable to this case because the police officers entered the trailer aided by a successful ruse.

In *Meyers v. Commonwealth*, 12 Va. App. 398, 404 S.E.2d 83 (1991), an undercover police officer posing as a drug purchaser, returned to the defendant's house to complete a cocaine transaction. She rang the doorbell and a visitor recognized her as stopping by earlier and opened the door. The undercover police officer then produced her badge and announced that she had a search warrant. The occupants made no attempt to close the door or restrict the police officer's entry. The Court held that the use of a ruse by police to gain access to the premises, together with their announcement of their authority as police officers, and the presence of a search warrant did not violate the "knock and announce" requirement.

Here, the police officers performed a ruse to trick the occupants into opening the door. Monaghan knocked and Stuart answered. Monaghan induced Stuart to open the door and engage in conversation. Stuart stepped onto the porch and asked, "What car is it?" Monaghan pointed and Stuart stepped to the right of the porch. The screen door and inner door were open. At that point, Officer Carlton identified himself as a police officer and announced he had a search warrant. Officer Carlton stepped towards Stuart as Stuart started to back up. Officer Carlton pushed Stuart inside the trailer because he was afraid Mr. Stuart would shut the door.

The Court holds that under the facts and circumstances of this case that the "knock and announce" doctrine was inapplicable. The police obtained access to the trailer by the ruse. The inner door was open and Officer Carlton announced his authority and purpose prior to entering the trailer. The Court holds that the ruse accomplished a peaceful and reasonable entry into the trailer. *Grover v. Commonwealth*, 11 Va. App. 143, 396 S.E.2d 863 (1990). Accordingly, Defendant's Motion to Suppress is denied.

### III. *All Person Search*

Defendant contends that the search warrant, which authorizes an "all persons present" search, does not satisfy the particularity requirements of the Constitution. Specifically, Defendant contends that the police had no probable cause to search his person, and his mere presence at the trailer at the time of execution of the search warrant was not sufficient grounds to warrant a search.

The Commonwealth responds that the totality of the facts stated in the affidavit justified the magistrate's authorizing a search of "all persons present" when the search warrant was executed. *Morton v. Commonwealth,* 16 Va. App. 946, 434 S.E.2d 890 (1993). The Commonwealth contends that the affidavit recited that the trailer was a "crack house" where the occupants sold drugs, allowed individual customers to consume their drugs, and surveillance revealed a substantial number of persons coming and going to the trailer. The Commonwealth contends that the affidavit stated that any person present was likely to be involved in the sale or consumption of drugs. Additionally, the affidavit recited that the drugs could easily be destroyed.

Monaghan stated in his affidavit that (1) a confidential informant stated that he or she purchased "crack" cocaine from the trailer; (2) the confidential informant stated that the residents allowed customers to purchase and use "crack" cocaine on the premises; (3) he searched the trash on two separate occasions and found dozens of small jeweler baggies containing a white powder substance he believed to be cocaine; (4) he had the residue in the jeweler bags tested and the tests were positive for cocaine; (5) the second search was within twenty-four hours of applying for the search warrant; (6) in his experience, the distributors of "crack" cocaine require customers to ingest the crack cocaine on the premises and that customers are known to carry their own smoking devices on their persons; and (7) the trailer was a private residence.

When a substantial nexus is established between the suspected distribution of a controlled substance, a private residence and the persons to be searched, authorization to search "all persons present" will be sustained. *Morton v. Commonwealth,* 16 Va. App. 946, 434 S.E.2d 890 (1993). The Court finds that based on the totality of the circumstances, probable cause existed to search all of the persons found inside the trailer when the warrant was executed. *See, Morton.* Accordingly, Defendant's Motion to Suppress is denied.