# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Wayne Bruce Bright

February 29, 2000

Case No. 99-244

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action for possession of cocaine, Defendant has filed a motion to suppress evidence. After reviewing the briefs submitted by the parties and listening to oral arguments, the Court concludes that the motion should be granted for the reasons articulated below.

The Defendant asserts that the primary evidence against him (a bag of cocaine and a .38 pistol) is properly excludable as "fruit of the poisonous tree" because of defects in the police search warrant, entry procedure, and a warrantless search of individuals which was conducted. The Defendant alleges broadly that the search conducted by police on March 12, 1999, was illegal in its totality because of the many constitutional violations committed by police.

The Court finds that while the search warrant in this case was sparse, it was not impermissibly so. The search warrant was properly issued based on an affidavit which demonstrated an alleged pattern of drug sales over the thirty days prior to the issuance of the warrant (with the most immediate sale occurring within 72 hours of issuance). See *Garza v. Commonwealth*, 228 Va. 559 (1984). The fact that nine days transpired between issuance of the warrant and its service is also not sufficient to exclude the evidence against Mr. Bright, given that the police were investigating an alleged pattern of drug sales over an extended period of time. See *Turner v. Commonwealth*, 14 Va. App. 737 (1992); *Commonwealth v. Moss*, 14 Va. App. 750 (1992).

Another alleged defect in police procedure was the entry method used. It is uncontroverted that in the search of March 12, 1999, a police entry team used a "no knock" entry to effect a search of the residence at 1411 Vine Street. Both parties are also in agreement that the decision to make a "no knock" entry was made on the morning of the raid, prior to the arrival of any police on the scene. The determination to effect a "no knock" entry was made based on reports from a reliable confidential informant that drug sales had occurred in the residence and that a firearm[1] was also present. The Defendant has argued that the mere existence of drugs and a firearm are not sufficiently exigent circumstances to justify a "no knock" search, let alone sufficient to justify a decision made well in advance of the arrival of police on the scene. The Court finds this argument persuasive.

It is well settled that police in Virginia who seek to gain entry to a residence must, as a general rule, attempt to gain admittance peacefully by announcing their presence, identifying themselves as police officers, and stating their purpose. See, e.g., *Heaton v. Commonwealth*, 215 Va. 137 (1974); *Johnson v. Commonwealth*, 213 Va. 102 (1972). The exception to this rule is that police are permitted to make an unannounced ("no knock") entry where they have probable cause to believe that (1) their peril will be increased if they announce their presence or (2) an unannounced entry is necessary to prevent persons within from escaping or destroying evidence. *Heaton*, 215 Va. at 138.

Unless the prosecution can establish that one of the aforementioned exigent circumstances existed in a given case, the evidence seized after a "no knock" entry must be excluded under the Fourth Amendment of the United States Constitution. *Heaton*, 215 Va. at 138; *Grover v. Commonwealth*, 11 Va. App. 143 (1990) ("no knock" entries *per se* unreasonable unless exigent circumstances exist). Not only should the analysis of "no knock" cases focus on the reasonableness of the method of entry, *Gladden v. Commonwealth*, 11 Va. App. 595, 599 (1991); *Grover*, 11 Va. App. at 147, but exigent circumstances must be determined on a case-by-case, fact-specific basis. *Commonwealth v. Woody*, 13 Va. App. 168, 172 (1991), citing *Keeter v. Commonwealth*, 222 Va. 134, 142 (1981), *cert. denied*, 454 U.S. 1053 (1981).

---

[1] Police had been informed that a .38 pistol was seen in the residence. The .38 was reportedly broken, but Mr. Bright had indicated an intention to fix it. A .38 pistol was recovered from the residence during the search (found in a box in a back bedroom closet), which subsequent police testing found to be functional.

No specific statute exists in Virginia relating to "no knock" entries. *Johnson*, 213 Va. at 103. The validity of a search must be judged in terms of its reasonableness within the meaning of the Fourth Amendment of the United States Constitution and Article I, § 10, of the Constitution of Virginia. *Grover*, 11 Va. App. at 145; *Gladden*, 11 Va. App. at 598; *Commonwealth v. Viar*, 15 Va. App. 490, 494 (1992). The Court in *Johnson* also indicated that:

> the reasons for the requirement of notice of purpose and authority have been said to be that the law abhors unnecessary breaking or destruction of any house because the dweller in the house would not know the purpose of the person breaking in, unless he were notified, and would have a right to resist seeming aggression on his private property.

213 Va. at 104. Additionally, while requiring that police officers "knock and announce" does give notice to suspects that they may be apprehended because officers are present, the Supreme Court of Virginia has held that it discourages violence and volatile confrontations and encourages orderly execution of search warrants. *Hargrave v. Commonwealth*, 21 Va. App. 320, 323 (1995), citing *Johnson*, 213 Va. at 104.

The Supreme Court in *Heaton* stated unambiguously that the mere fact that a search would be for drugs did not on its face justify a "no knock" entry, nor did the fact that drugs are by their nature readily disposable create an exigent circumstance. *Heaton*, 215 Va. at 139. Police must demonstrate that they had probable cause to believe that were they to announce their presence, identity, and purpose, the evidence sought would be destroyed. *Woody*, 13 Va. App. at 170.

Decisions in which Virginia Courts have found the risk of destruction of evidence to be an exigent circumstance have generally involved cases where the police believed that the suspects had already been tipped off and universally involved on-the-scene decisions by police. See, e.g., *Keeter*, 222 Va. 134 ("split second decision" made to avoid destruction of evidence after suspects were seen headed towards police); *Woody*, 13 Va. App. 168 (suspect seen retreating into house as police arrived created exigent circumstance). No such situation was present here, nor was any evidence presented that police actually feared that there was a risk of the evidence being destroyed. As such, the only possible exigent circumstance in this case stems from the reported existence of a firearm and the threat it posed to police.

The Supreme Court of Virginia has stated that "officers are not required to possess either the gift of prophecy or the infallible wisdom that comes only

with hindsight. They must be judged by the reaction to circumstances as they reasonably appeared to trained law enforcement officers to exist *when the decision to enter was made." Keeter*, 222 Va. at 141 (emphasis added). At the time the decision to enter was made in this case, police were relying entirely on reports that drugs had been sold in the residence and that a firearm was likely present. There were no reports of individuals with a history of violence on the scene, no reports of individuals who carried firearms on their person, no reports of individuals who had been previously arrested for weapons violations, and no reports that suspects in the residence intended to defend themselves should police arrive at the door.

The Court concedes that the sale of drugs is an inherently dangerous activity, *Peguese v. Commonwealth*, 19 Va. App. 349 (1994), but it has seen no evidence that a rule exists in Virginia which allows "no knock" entries based solely on reports of the sale of drugs and the existence of a firearm. Quite to the contrary, cases in which the existence of a firearm has been held to be an exigent circumstance have all included some additional element which led police to believe that an announced entry would place them in peril. See, e.g., *Spivey v. Commonwealth*, 23 Va. App. 715 (1997) (the accused was suspected of possessing a firearm, and the suspect's son who had a charge against him for unlawfully discharging a firearm may have been in residence); *Commonwealth v. Woodson*, 40 Va. Cir. 276, 277-78 (City of Richmond 1996) (Lemons, J.) (the suspect reportedly had numerous firearms, had previously assaulted an officer, and was monitoring the police on several radio scanners); *Carratt v. Commonwealth*, 215 Va. 55, 57-58 (1974), *cert. denied*, 420 U.S. 973 (1975) (the suspect had reportedly indicated a willingness to defend himself should police attempt to apprehend him).

This Court is aware of only one Virginia decision in which a "no knock" search was permitted based solely on the reported existence of drugs and firearms in a residence. The case, *Vaughn v. Commonwealth*, 1993 Va. App. LEXIS 401 (1993), is an unpublished opinion of the Court of Appeals. In *Vaughn*, police, executing a search warrant, conducted a "no knock" search of a residence based on reports of cocaine sales in the previous 36 hours and information that Vaughn "keeps firearms laying [sic] around the dwelling." *Vaughn*, 1993 Va. App. LEXIS at *1. The Court of Appeals found this to be sufficiently exigent circumstances, holding that the inference of dangerousness is strong when the accused reportedly has guns "laying around in the dwelling." *Vaughn*, 1993 Va. App. LEXIS at *2, citing *Carratt*, 215 Va. at 58-59. The facts of *Carratt*, however, seem to set the bar for exigent circumstances higher than merely having guns "laying around in the dwelling." In *Carratt*, a "no knock" search was found to be permissible based

not only on reports that the accused has a .38 caliber pistol, but that police "'should be careful,' for the defendant owned a .38 caliber weapon which he kept loaded in the vicinity of his bedroom and that defendant 'was capable of using this weapon;' and further that 'Mr. Carratt would destroy the evidence if he had any idea whatsoever that the police officers were coming to his home'." 215 Va. at 57-58. It should be noted, also, that *Vaughn* involved the alleged presence of multiple weapons, rather than a single firearm on the premises, as was the case here.

This court finds persuasive the reasoning in *United States v. Bates*, 84 F.3d 790 (6th Cir. 1996), which has previously been relied on in *Woodson*, 40 Va. Cir. at 278-79, where the Sixth Circuit stated that:

> It is argued by the government because the Defendants were alleged to be in possession of a handgun, were likely to destroy cocaine and had barricaded the front door, exigent circumstances were present and excused the need to knock and announce their presence. The presence of a weapon creates an exigent circumstance, *provided the government is able to prove they possessed information that the suspect was armed and likely to use a weapon or become violent.* Evidence that firearms are within a residence, by itself, is not sufficient to create an exigency to officers when executing a warrant. However, threats to an officer's safety, a criminal record reflecting violent tendencies, or a verified reputation of a suspect's violent nature can be enough to provide law enforcement officers with justification to forego the necessity of knocking and announcing their presence.

*Woodson*, 40 Va. Cir. at 279, quoting *Bates*, 84 F.3d at 795 (emphasis added).

While the Court is aware of the difficult task that police officers face when dealing with armed and potentially violent suspects, this Court declines to create a rule whereby reports of drug dealing activity and possession of a firearm alone justify unannounced entry into a residence, absent any showing whatsoever that the police had a reasonable fear that the firearm would be used against them. The facts of this case simply do not demonstrate that the police reasonably had such a fear.

The Commonwealth has not met its burden of demonstrating that some exigent circumstance existed which would justify the "no knock" entry of police. As such, the search was in violation of Mr. Bright's rights under the Fourth Amendment of the United States Constitution, and Article I, § 10, of the Constitution of Virginia and any evidence produced by the search should

be suppressed as fruit of the poisonous tree. As the "no knock" issue is dispositive of Mr. Bright's motion to suppress, the Court need not address the conduct of police after their entry into the residence.

For the reasons stated above, the defendant's Motion to Suppress is granted.