# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Ronald Eugene Trussell

February 28, 2001

Case Nos. CR01-70 and CR01-121

BY JUDGE ROBERT P. DOHERTY, JR.

The police were aware that there was no connecting stairway between the basement and the first floor of the Defendant's home, prior to executing a search warrant. They had also been watching the house for some time and knew that the first floor of the residence was occupied, that loud music was coming from it, and that the Defendant had exited through the front door to the front lawn just minutes earlier. Two teams of police officers executed the search warrant, one team at the basement door and one team at the front door. The team at the basement door knocked and announced who they were and why they were there. They did that three times and then entered forcible after waiting approximately twenty seconds. The team at the front door knocked, announced their presence and purpose, waited two to five seconds, and entered the home after having been told by radio that the basement team was already in the building. The Defendant claims this to be an illegal search as the officers at the front door failed to wait a reasonable period of time prior to entering the home after knocking and announcing their presence and purpose.

As in architecture, the law follows the precept that "form follows function." Here the team of officers executing the search warrant at the basement door followed all the formal rules under the "knock and announce doctrine." They had accomplished the form of the execution of the search warrant. This had the same effect on the living area of the house as if they had executed their search warrant on an unoccupied and detached garage or on a neighboring apartment. The actual occupants of the house did not receive

notice of the presence and purpose of the officers at the basement door, and such notice does not appear to have been intended. The function of the knock and announce rule was not accomplished. Therefore, the entry into the house by the officers at the basement door did not affect the execution of the search warrant on the first floor of the house.

The execution of the search warrant on the first floor of the house was defective because the officers did not wait long enough after knocking and announcing their presence and purpose and before their entry into the residence.

> The reasons for the requirement of notice and purpose and authority (for the knock and announce rule) have been said to be that the law abhors unnecessary breaking or destruction of any house, because the dweller in the house would not know the purpose of the person breaking in, unless he were notified, and would have a right to resist seeming aggression on his private property.

*Gladden v. Commonwealth*, 11 Va. App. 595, 599 (1991), citing *Johnson v. Commonwealth*, 213 Va. 102, 104 (1992).

The two to five second waiting time before the police forced their way into the house was not a sufficient time to allow the occupants of the house to answer the door. Exigent circumstances did not exist. The execution of the search warrant on the main level of the house was improperly conducted. Evidence obtained as a result of the search of the main level of the house is therefore suppressed.