## Richmond

JO ANN WYNNE

v.

COMMONWEALTH OF VIRGINIA

No. 1390-91-2

Decided February 23, 1993

COUNSEL

John B. Boatwright (Boatwright & Linka, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Appellant, Jo Ann Wynne, was convicted after a bench trial of possession of more than one-half ounce but less than five pounds of marijuana with intent to distribute. Code § 18.2-248.1(a)(2). Appellant filed a pre-trial motion to suppress the physical evidence seized from her home on the ground that the police failed to comply with the "knock and announce" rule before executing a valid search warrant. The trial judge denied the motion. On appeal, appellant argues that the trial judge erred in refusing to grant her motion to suppress when the evidence showed that the police waited only five seconds after knocking on the storm door before entering her residence. We agree and reverse the conviction.[1]

## BACKGROUND

On December 14, 1990, at about 6:20 p.m., several Henrico County Police Officers prepared to execute a search warrant at appellant's home. The officers parked their vehicles down the street from appellant's residence and quietly approached her house to prevent appellant from learning of their presence. Upon their arrival, they found the solid wooden front door to the residence open, but the exterior glass storm door closed. Through the five-foot pane of glass in the storm door, the first officer to the door, Officer Von Cannon, saw appellant in the living room trimming a Christmas tree and a man seated at the dining room table.

---

[1] Because of our disposition of this matter, we do not reach appellant's additional argument regarding the trial court's failure to grant her motion to strike the evidence.

Officer Von Cannon testified that he focused on the appellant because she fit the description of the target of the police investigation. He further testified that prior to entry he knocked on the storm door, and stated, "Henrico Police," and "we have a search warrant." Appellant looked toward the front door but did not move. The man in the dining room remained seated and gave no indication that he heard the knock. Because appellant did not move immediately in response to the knock, the police officers entered the residence through the unlocked storm door with their weapons drawn. Officer Von Cannon testified that "between the time [he] knocked on the door and opened the door and went in was around five seconds or no more."

The trial court, in overruling appellant's motion to suppress, held:

Well, I think the only issue is whether or not the announcement given by Officer Von Cannon was sufficient. I think his testimony was very consistent and I think it was a five seconds [sic] from time of knock to time of entry. Whether or not that is unreasonable in this circumstance, I feel it would, when he made eye contact with the defendant, didn't see any reaction that that gave him cause to go in, and therefore I overrule the motion.

The Commonwealth did not argue the existence of any exigent circumstances justifying an exception to the knock and announce requirement. Indeed, the evidence established no visible threat to the officers. Appellant, who could be seen clearly through the door, was decorating the Christmas tree. She made no movement, furtive or otherwise, during the five-second period after the police knocked.

## METHOD OF ENTRY TO EXECUTE SEARCH WARRANT

■ "It is well settled in Virginia that police officers armed with a search warrant may not forcibly break into dwellings as a matter of course to execute a warrant. 'Generally, police officers, before resorting to *forced entry* into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose.'" *Commonwealth v. Viar*, 15 Va. App. 490, 493, 425 S.E.2d 86, 88 (1992) (quoting *Heaton v. Commonwealth*, 215 Va. 137, 138, 207 S.E.2d 829, 830 (1974)).

The Virginia Supreme Court in *Johnson v. Commonwealth*, 213 Va. 102, 189 S.E.2d 678 (1972), *cert. denied*, 409 U.S. 1116 (1973), explained the purpose of the "knock and announce" doctrine as follows:

> The reasons for the requirement of notice of purpose and authority have been said to be that the law abhors unnecessary breaking or destruction of any house, because the dweller in the house would not know the purpose of the person breaking in, unless he were notified, and would have a right to resist seeming aggression on his private property.

*Id.* at 104, 189 S.E.2d at 679.

▊ The validity of a search pursuant to the execution of a valid search warrant is "judged in terms of its reasonableness within the meaning of the fourth amendment to the United States Constitution and Article I, § 10 of the Constitution of Virginia." *Grover v. Commonwealth,* 11 Va. App. 143, 145, 396 S.E.2d 863, 864 (1990). The constitutional proscriptions against unreasonable searches and seizures require not only that there be probable cause to undertake the search or make the seizure, but also that the search or seizure be conducted in a reasonable manner. "[A] lawful entry is the indispensable predicate of a reasonable search." *Ker v. California,* 374 U.S. 23, 53 (1963). Appellant does not challenge the validity of the underlying search warrant and there were no exigent circumstances applicable in this case. Therefore, the sole issue before us is whether the police properly complied with all the requirements of the "knock and announce" rule while executing the search warrant at the appellant's residence.

In *Gladden v. Commonwealth,* 11 Va. App. 595, 400 S.E.2d 791 (1991), we explained the essential elements of the announcement doctrine:

> The announcement doctrine . . . requires that the police, prior to forcing entry into a dwelling: (1) knock; (2) identify themselves as police officers; (3) indicate the reason for their presence; and (4) *wait a reasonable period of time for the occupants to answer the door.*

*Id.* at 598, 400 S.E.2d at 793 (citations omitted) (emphasis added). In the case before us, the trial judge resolved any conflict in testimony in favor of the Commonwealth and found that the police knocked on the door and stated, "Henrico Police," and, "we have a search warrant." Five seconds later, they opened the unlocked door and entered the residence.

■ Viewing the evidence in the light most favorable to the Commonwealth, we conclude that the police properly complied with the first three elements of the announcement doctrine. However, no evidence in the record supports the trial court's conclusion that five seconds, under the circumstances of this case, was a reasonable time for the police to wait for admission before making a forcible entry. In so doing, we set no strict time limit for the period of time the police must wait. A myriad of circumstances could confront an officer executing a search warrant. However, the police must allow the occupant of the dwelling to be searched a reasonable opportunity to come to the door and answer their knock, unless exigent circumstances arise or the occupant denies admission.

We conclude that the five-second delay before forcible entry was unreasonable in this case because the police could clearly see the appellant, who was the target of their investigation, through the glass storm door. At the time of the knock and announcement, the occupants of the residence were visible and engaged in such innocuous activities as trimming a Christmas tree. The police confronted no exigent circumstances and observed no suspicious activity before or after knocking on appellant's door.[2] Therefore, we hold that it was unreasonable for the police to pause only five seconds before rushing through appellant's unlocked door. The police did not provide appellant or one of the other occupants a reasonable opportunity to respond to the knock and allow the police peaceable entry.

Because we conclude that "the entry was unreasonable and a violation of the fourth amendment[,] any evidence seized as a result of this entry was "the fruit of the poisonous tree' and should have been suppressed." *Gladden*, 11 Va. App. at 600, 400 S.E.2d at 794. The judgment of conviction is reversed and the case is remanded to the trial court for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, J., and Elder, J., concurred.

---

[2] We distinguish these facts from those circumstances where a police officer preparing to execute a valid search warrant is unable to observe the activity of the occupants before or after knocking and announcing.