COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


ISAAC ONEAL HARGRAVE

v.          Record No. 1038-94-2          OPINION BY
                                          JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                        DECEMBER 5, 1995


           FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                     James F. D'Alton, Jr., Judge

          Mary Katherine Martin, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     In this appeal, we find that the failure of the police

officers executing a search warrant to wait more than two or

three seconds after knocking and announcing their presence before

making a forced entry was unreasonable under the circumstances.

We hold, therefore, that the entry violated the appellant's

constitutional protections against unreasonable searches and

seizures guaranteed by the Fourth Amendment of the United States

Constitution and Article I, § 10 of the Virginia Constitution.

     Isaac O. Hargrave appeals his bench trial conviction for

possession of cocaine with intent to distribute.  Hargrave

entered a conditional plea of guilty and appealed the trial

court's denial of his motion to suppress evidence seized from his

residence pursuant to a valid search warrant.  For the following

reasons, we reverse Hargrave's conviction.

Police officers "may not forcibly break into dwellings as a matter of course to execute a [search] warrant." Commonwealth v. Viar, 15 Va. App. 490, 493-94, 425 S.E.2d 86, 88 (1992). The method of entry must be reasonable "within the meaning of the fourth amendment to the United States Constitution and Article I, § 10 of the Constitution of Virginia." Grover v. Commonwealth, 11 Va. App. 143, 145, 396 S.E.2d 863, 864 (1990). Although the requirement that police officers executing a search warrant "knock and announce" gives notice to the suspects of the officers' presence and the suspects' possible impending apprehension, it also discourages violence and volatile confrontations and encourages orderly executions of search warrants. In Johnson v. Commonwealth, 213 Va. 102, 104, 189 S.E.2d 678, 679 (1972), cert. denied, 409 U.S. 1116 (1973), the Supreme Court stated that

> [t]he reasons for the requirement of notice of purpose and authority have been said to be that the law abhors unnecessary breaking or destruction of any house, because the dweller in the house would not know the purpose of the person breaking in, unless he were notified, and would have a right to resist seeming aggression on his private property.

Therefore, absent exigent circumstances, police officers must knock, identify themselves, state their purpose, and wait a reasonable time for the occupants to respond before making a forced entry. Gladden v. Commonwealth, 11 Va. App. 595, 598, 400 S.E.2d 791, 793 (1991).

In the present case, several members of the Petersburg

-2-

Police Department executed a search warrant at 541 Hannon Street in Petersburg at approximately 5:00 p.m. on March 24, 1993. The warrant was based on information obtained from a confidential and reliable informant that illegal drug activity was occurring at the residence. When the police arrived at the residence, Detective Emanuel Chambliss approached the front door followed in single file by Detective David Hamilton and Officer Howard Young. The storm door was shut, but the inside front door was open. Detective Chambliss stated that he "could see straight down the hallway into the kitchen area."

According to Chambliss, he knocked on the storm door and announced, "Police, search warrant," and after waiting "two or three seconds" and not hearing or seeing anyone, he entered the front door. After entering the residence, Chambliss again announced his presence, at which time he encountered Hargrave in the hallway near the kitchen. After observing drugs on the kitchen counter, the officers arrested Hargrave, and upon searching him, the officers seized four bags of crack cocaine from Hargrave's pants pocket.

Hargrave contends that by waiting only two or three seconds after knocking before entering, the police did not comply with the requirement that, after announcing their presence, officers must wait a reasonable time for the occupants to respond before forcibly entering the residence. See Wynne v. Commonwealth, 15 Va. App. 763, 427 S.E.2d 228 (1993). He argues that because the

officers, without having observed exigent circumstances, waited only two or three seconds after knocking and announcing before entering, the forcible entry was unreasonable.

Although the "knock and announce" entry which the police used here, "police, search warrant," presumably notified the occupants of the identity and purpose of the intruders, when the officers thereafter immediately forced their way into the privacy of the citizen's home without any exigent circumstance, the entry was unreasonable. For police officers to wait only two or three seconds after announcing their presence before forcibly entering a citizen's home is equivalent to entering simultaneously with knocking and announcing because such an entry affords the occupant no reasonable opportunity to respond before his home is forcibly entered. Moreover, where as here, the officers could see into the house and down the hallway through the glass storm door, they would be able to observe whether the occupants were reasonably responding to their notice. We find the facts in the present case similar to and controlled by our holding in Wynne, 15 Va. App. 763, 427 S.E.2d 228.

In Wynne, several police officers went to a residence in Henrico County to execute a warrant to search for drugs. Upon arriving at the residence, they found the glass storm door closed and the inside front door open. Id. at 764, 427 S.E.2d at 229. Through the storm door, the officers saw Wynne in the living room trimming a Christmas tree. They also saw a man seated at the

–4–

dining room table.  Id.  The officers knocked and announced that they had a search warrant.  After waiting about five seconds for a response, they entered the house with their weapons drawn.  Id. at 765, 427 S.E.2d at 229.  On appeal, a panel of this Court held that the officers failed to wait a reasonable time before entering the house.  Id. at 767, 427 S.E.2d at 231.  The Court found "that the five-second delay before forcible entry was unreasonable in this case because the police could clearly see the appellant . . . through the glass storm door."  Id.  The Court stated that "[t]he police confronted no exigent circumstances and observed no suspicious activity before or after knocking on appellant's door."  Id.

Similarly, the police confronted no exigent circumstances in the present case.  Although the facts here differ from Wynne in that the officers in Wynne could observe two of the occupants, the fact that the officers in the present case could not observe an occupant or that an occupant did not appear within two or three seconds did not present an exigent circumstance that justified the officers entering the home without waiting a reasonable period of time.  The Court in Wynne distinguished the facts of that case from situations where the police are "unable to observe the activity of the occupants before or after knocking and announcing."  Id. n.2.  We recognize that situations may exist where police officers must dispense with the requirements of the "knock and announce" rule "to prevent persons within from

-5-

escaping or destroying evidence." Heaton v. Commonwealth, 215 Va. 137, 138, 207 S.E.2d 829, 830 (1974). The knock and announce rule "should be evaluated in the light of modern technology and the nature of illegal drug traffic in which small, easily disposable quantities of drugs can yield large profits." Johnson, 213 Va. at 105, 189 S.E.2d at 680.

Both the Supreme Court and this Court have upheld the constitutionality of unannounced entries when necessary to prevent the destruction of illegal narcotics. Johnson, 213 Va. at 105-06, 189 S.E.2d at 680-81; Commonwealth v. Woody, 13 Va. App. 168, 171, 409 S.E.2d 170, 172 (1991); see also Wilson v. Arkansas, 115 S. Ct. 1914, 1919 (1995) (holding that while unannounced entries may be constitutionally defective in certain situations, "law enforcement interests may also establish the reasonableness of an unannounced entry"). In these cases, the courts have attempted to balance the purpose of the "knock and announce" rule and the needs of law enforcement by requiring that police have probable cause to believe an unannounced entry is necessary to prevent the destruction of evidence. Woody, 13 Va. App. at 170, 409 S.E.2d at 172; see also Keeter v. Commonwealth, 222 Va. 134, 141, 278 S.E.2d 841, 846, cert. denied, 454 U.S. 1053 (1981) (holding that the police officers had probable cause to make a warrantless entry).

A "no-knock" entry is not warranted, however, "where the only exigent circumstance is the readily disposable nature of the

contraband that is the object of the search." Heaton, 215 Va. at 139, 207 S.E.2d at 831. Similarly, where the only exigent circumstance is that the object of the search is drugs, which by their nature are readily disposable, officers may not, without more, dispense with the need to wait a reasonable time for the occupants to respond before making a forced entry. See Wynne, 15 Va. App. at 767, 427 S.E.2d at 231. However, the lapse of a reasonable amount of time for occupants to respond after police officers knock and announce their presence may well be an exigent circumstance from which the officers can infer that if occupants are present in the residence, they are not responding for some reason. Thus, although the disposable nature of drugs is not an exigent circumstance that alone justifies a forced entry, the failure of the occupants to respond within a reasonable time after knocking and announcing will justify the use of that degree of force necessary to enter and execute a search warrant.

In the present case, no evidence was presented of exigent circumstances indicating a need for a rapid entry. Officer Chambliss' ability to see through the glass storm door into the house and down the hallway gave him a limited opportunity to observe any exigent activity other than responding to his knock and announce that might have indicated an attempt to escape or destroy evidence. He did not observe any suspicious activity. The fact that Chambliss did not observe any occupants inside the residence was insufficient without more to warrant entry only two

to three seconds after knocking and announcing.  Waiting only two or three seconds is tantamount to making a forced entry while simultaneously announcing one's presence and purpose, and it affords no reasonable opportunity for the occupants to accommodate a peaceable entry.

Because the entry was unreasonable, the evidence seized "was `the fruit of the poisonous tree' and should have been suppressed."  <u>Gladden</u>, 11 Va. App. at 600, 400 S.E.2d at 794.  We therefore reverse Hargrave's conviction and remand for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>