## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

James A. Pierce

### Case Nos. F-97-2392, 2394

Commonwealth of Virginia

v.

Sharisse L. Robertson

### Case Nos. F-97-2396, 2397

### October 17, 1997

BY JUDGE DONALD W. LEMONS

The matter before the court is the defendants Sharisse L. Robinson's and James A. Pierce's Motions to Suppress evidence consisting of cocaine and a firearm seized during the execution of a search warrant. For the reasons outlined below, the defendants' motions are denied.

On May 22, 1997, Officer Shapiro, in the company of several other officers of the City of Richmond Police Department, executed a search warrant at 2001 Joshua Street, Apartment J, at approximately 4:50 p.m. The defendants do not contest the validity of the warrant. The evidence reveals that Officer Shapiro knocked two to three times on the door, loudly announced "police ... search warrant ... open the door . . ." waited ten seconds, knocked and announced a second time, and, after receiving no response, entered the apartment. Based upon the testimony of Officer Shapiro, the Court finds that thirteen seconds elapsed between the officer's first "knock and announce" and the entry upon the premises.

The Virginia Court of Appeals in *Gladden v. Commonwealth*, 11 Va. App. 143 (1991), articulated four requirements for the execution of a search warrant. In order to properly execute a valid warrant, an officer must: (1) knock; (2) identify himself or herself as a police officer; (3) indicate the reason for his or her presence; and (4) wait a reasonable period of time for the occupants to open the door. *Id.* at 598. It is uncontested that Officer Shapiro complied with the first three requirements. The basis of the defendants' motions to suppress focuses upon the fourth requirement, the "reasonableness" of the time that Officer Shapiro waited before entering the apartment.

In the absence of a reasonable waiting period, the search becomes a "no knock" search which is impermissible absent exigent circumstances. *Wynne v. Commonwealth*, 15 Va. App. 763 (1993); *Carratt v. Commonwealth*, 215 Va. 55, 58 (1974). In the present case, the Commonwealth concedes that no exigencies existed which would justify a "no knock" search. Virginia courts have resisted the establishment of a particular period of time which will be considered "reasonable" for purposes of satisfying the fourth requirement of the "knock and announce" rule.

Defendants cite *Wynne v. Commonwealth*, 15 Va. App. 763 (1993), and *Hargrave v. Commonwealth*, 21 Va. App. 320 (1995), in support of their position that the waiting period before entrance in the present case was "unreasonable." In *Wynne*, the Virginia Court of Appeals held that a five second wait before entering a dwelling constituted an unreasonable opportunity for the occupant to respond. *Wynne*, 15 Va. App. at 767. In *Hargrave*, the court found that a search in which the officer waited only "two to three seconds" before entering a dwelling to execute a search warrant was unreasonable. *Hargrave*, 21 Va. App. at 324-25.

The court finds case law from the federal courts instructive in determining what constitutes a constitutionally "reasonable" period of time for purposes of the "knock and announce" rule. The corresponding federal statute which governs the ability of an officer to execute a search warrant is found in 18 U.S.C. § 3109. This provision permits the officer to enter a dwelling to execute a search warrant after having first been "refused admittance," or in order to liberate himself or a person aiding him in the execution of a warrant.

The term "refused admittance" has been interpreted by federal courts to include constructive as well as actual refusal. In *Masiello v. United States*, 115 U.S. App. D.C. 57 (1963), the court noted that § 3109 does not provide an exact number of seconds which an officer must wait after knocking and announcing before entering the premises. The court noted that it very seldom considered cases where the occupant had affirmatively acted to refuse an officer entrance. Rather, the overwhelming number of cases involved

circumstances where the occupant failed to respond to the officer's knock and the officer would then attempt to gain admittance on his own initiative. *Id.*

Based upon Officer Shapiro's testimony, the court is persuaded that he was refused admittance by the occupants, the defendants in this case. The court must determine what constitutes a reasonable wait before forcible entry. The federal courts have decided a number of cases in recent years which have considered this question. In all of the federal cases, the courts have refused to set an arbitrary number of seconds which constitute a reasonable wait prior to entry. Instead, federal courts have consistently looked to the "totality of the circumstances" to determine if the wait was reasonable.

In *United States v. Gatewood*, 60 F.3d 248 (6th Cir. 1995), the court refused to grant a motion to suppress evidence seized upon execution of a search warrant where ten seconds had elapsed between the officer's knock and his forcible entry into the petitioner's house. Despite the petitioner's argument that the circumstances did not justify entry after only a ten second wait, the Court found that "[e]ven if we were to find that the entry was forcible, we agree with the district judge and conclude that the officers knocked and announced and then waited a reasonable length of time before entering." *Id.* at 250. Recently, in *United States v. Myers*, 106 F.3d 936 (10th Cir. 1997), the court held that under § 3109 a ten second lapse between the officer's initial knock and his subsequent entrance into an apartment constituted a reasonable wait.

In *United States v. Markling*, 7 F.3d 1309 (7th Cir. 1993), the circumstances involved are strikingly similar to the present case. In *Markling*, officers attempting to execute a search warrant waited seven seconds before attempting to enter the petitioner's motel room. *Id.* at 1318. With the knowledge that the room was small and because they did not hear any noises emanating from the room, the officers perceived no apparent obstruction to the occupants' ability to hear them announce their identity and purpose. *Id.* Based on these factors, the court held that seven seconds was a reasonable amount of time for the officers to wait before entering the room. *Id.* Similarly, in *United States v. Lucht*, 18 F.3d 541 (8th Cir. 1994), the court found that a twenty second wait constituted a reasonable period when the police knew that "their houses were small, the occupants were awake, [and] there was probable cause to believe that [the petitioners] possessed narcotics ... ." *Id.* at 549.

The totality of the circumstances in the present case support this court's refusal to grant the defendants' motions to suppress. Based upon the following factors, the court believes that thirteen seconds constitutes a "reasonable" wait before entry. The factors considered by the court in making this determination are as follows: (1) Officer Shapiro had previously served a search warrant at

this location and was aware that the furthest point in the apartment was only seven paces from the door; (2) there was a ten second wait following the first "knock and announce" and then three seconds for the second "knock and announce" before entry; (3) the warrant was executed in the daytime; (4) there was no noise or distraction within the apartment which would preclude the occupants from hearing either the first or the second knock; (5) the drugs which were the subject of the warrant could be destroyed by the occupants; (6) the safety of Officer Shapiro and the other officers of the City of Richmond Police Department was a matter of concern in the execution of a warrant at a residence where the officers had probable cause to believe that drug sales took place.

The court finds that Officer Shapiro was executing a valid warrant and that he knocked, identified himself to the occupants as a police officer, and stated his purpose. Additionally, the court finds that under the totality of the circumstances, the amount of time which elapsed between Officer Shapiro's "knock and announce" and subsequent entrance into the apartment was reasonable.

The Defendants' Motions to Suppress are denied.