COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


MICHAEL SIMMS, S/K/A
 MICHAEL KENNETH SIMMS
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1477-98-2           JUDGE RICHARD S. BRAY
                                          JULY 13, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Oliver A. Pollard, Jr., Judge

          Joseph A. Sadighian, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Michael Kenneth Simms (defendant) was convicted in a bench

trial on indictments charging possession of cocaine with intent

to distribute, possession of marijuana with intent to

distribute, and two counts of possession of heroin with intent

to distribute.  In a pretrial motion, defendant sought to

suppress certain physical evidence related to the offenses,

contending that the items were seized incident to an

unconstitutional "'no knock' entry" in execution of a search

warrant.  After considering testimony, argument, and memoranda

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of counsel, the court denied the motion, convicted defendant of the offenses, and this appeal followed.  Finding no error, we affirm the decision of the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to disposition of the appeal.

On review of a trial court's denial of a motion to suppress, we consider the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance, granting "all reasonable inferences fairly deducible from that evidence."  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  To prevail on appeal, defendant "carries the burden to show . . . that the denial of [the] motion . . . constitute[d] reversible error."  Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

I.

On August 13, 1996, at 7:15 p.m., Petersburg police executed a search warrant at an apartment occupied by defendant and his wife, Rosalind Moore.  Before acting on the warrant, Detective W.E. Wells directed Officer Stacy Lucas, then "in full uniform," to "knock on the door" of the residence and advise Wells "by radio if [defendant] was at home."  Without objection, Wells testified that Lucas complied with instructions and notified him that "there was somebody home at the residence."

-

In response, Wells, accompanied by other officers, then approached the front entrance to the apartment, intending to execute the warrant.

Wells found "the front door [of the apartment] . . . open, [but] the screen door . . . closed." He observed Rosalind Moore "standing in the front living room area with Officer Lucas," fifteen to eighteen feet from the screen door. Wells knocked and announced, "police, search warrant." Mrs. Moore "looked in [Wells'] direction," the two "look[ed] directly at each other," "made contact with each other." Wells was dressed in a shirt with "police wrote [sic] on the front." When Mrs. Moore did not respond, Wells "knocked several [more] times and stood there for approximately ten [to fifteen] seconds," awaiting admittance. Again, Mrs. Moore made no effort to comply, and Wells opened the unlocked screen door and entered the room.

## II.

"'Generally, police officers, before resorting to <u>forced entry</u> into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose.'" <u>Commonwealth v. Viar</u>, 15 Va. App. 490, 494, 425 S.E.2d 86, 88-89 (1992) (citation omitted). Thus, "[t]he announcement doctrine . . . requires that the police, prior to forcing entry into a dwelling: (1) knock; (2) identify themselves as police officers; (3) indicate the reason for their

-

presence; and (4) <u>wait a reasonable period of time for the</u>

<u>occupants to answer the door</u>."[1]  <u>Gladden v. Commonwealth</u>, 11 Va.

App. 595, 598, 400 S.E.2d 791, 793 (1991) (citations omitted)

(emphasis added).

However,

> [a]cquiescence to the command of a search
> warrant is not discretionary.  Police
> officers attempting execution of a valid
> warrant need not coax compliance from an
> unwilling or unresponding party.  Following
> the requisite "knock and announcement," the
> failure of an occupant to admit law
> enforcement officers after a reasonable
> opportunity to do so is tantamount to a
> refusal and justifies forcible entry.

<u>Lewis v. Commonwealth</u>, 26 Va. App. 113, 119, 493 S.E.2d 397, 400

(1997) (citation omitted).[2]  The reasonableness of police conduct

is "'judged in terms . . . within the meaning of the fourth

amendment to the United States Constitution and Article I, § 10

of the Constitution of Virginia,'" and the "'circumstances as

they reasonably appeared to trained law enforcement officers

. . . when the decision to enter was made.'"  <u>Id.</u> at 117-18, 493

S.E.2d at 399 (citations omitted).

---

[1] The Commonwealth does not assert that exigent circumstances justified a "no knock" entry in this instance. <u>See</u> <u>Richards v. Wisconsin</u>, 520 U.S. 385, 394 (1997).

[2] This Court has expressly declined to establish a "strict time limit for the period . . . police must wait" for admission. <u>Wynne v. Commonwealth</u>, 15 Va. App. 763, 767, 427 S.E.2d 228, 231 (1993).

-

Relying on Wynne v. Commonwealth, 15 Va. App. 763, 427 S.E.2d 228 (1993), defendant argues that police in this instance did not afford occupants of the apartment a "reasonable opportunity to respond." His argument, however, is belied by the record.

When Wells and other officers arrived at the front entrance to the apartment, only an unlocked screen door separated them from the interior. Officer Lucas, already inside, was observed talking with Mrs. Moore only fifteen feet from the doorway. Wells, dressed in a shirt emblazoned with "Police," knocked and clearly identified himself and his purpose to Mrs. Moore. In response, she "looked" directly at Wells, "made [eye] contact," but made no move to admit the officers. Wells again knocked several times without compliance from Mrs. Moore and, after waiting no less than ten seconds, opened the screen door and entered the room. Under such circumstances, Wells reasonably concluded that, after a proper "knock and announce," Mrs. Moore did not intend to admit him into the apartment and acted appropriately.

Accordingly, the trial court properly denied defendant's motion to suppress, and we affirm the resulting convictions.

Affirmed.

-